Dear Mayor Edwards:
You have submitted several questions to this office concerning the powers and duties of the Town of Sarepta and the Webster Parish Police Jury regarding the Sarepta Waterworks District. We respond to these questions separately below.
Question 1
Is the Webster Parish Police Jury the governing body over the SareptaWaterworks District? If so, do they have control over the waterdistrict?
The waterworks district is initially organized by the parish police jury, pursuant to the authority of R.S. 33:3811, which states in its entirety:
 Police Juries may divide their respective parishes into one or more waterworks districts, with such name or numbers as the police jury may designate. The police jury may repeal any ordinance creating a waterworks district, or may abolish a waterworks district in its entirety or may change or alter the boundaries thereof; provided, however, that neither the existence nor the territorial boundaries of a waterworks district shall be changed in any manner which shall impair any obligations that may have been incurred by the waterworks district during the period of its existence. Before any order is entered in any manner affecting the existence or territorial limits of any waterworks district, the police jury shall
 (1) Adopt a preliminary resolution declaring the intention of the police jury to abolish or alter the boundaries and fixing a date for hearing, and
 (2) Give notice of the hearing by publication once a week for four consecutive weeks in the official journal of the police jury, the first publication being not less than thirty days before the date fixed for the hearing, and
 (3) Hold a hearing thereon.
The commissioners appointed to the waterworks board constitute the governing body of the waterworks district. The law reflects that the waterworks district "shall constitute a body corporate in law, with all the powers of a corporation, and all powers necessary for it to carry out the objects for which it was created." See R.S. 33:3815. Thus, the waterworks district is vested with unilateral power to conduct its business in furtherance of statutory objectives.
However, the police jury is empowered to "abolish a waterworks district in its entirety" pursuant to R.S. 33:3811 quoted above, provided the conditions precedent to abolishment as set forth in the statute are followed. A limitation to this general rule is that the police jury may not abolish or change the existence of the waterworks district in any manner "which shall impair any obligations that may have been incurred by the waterworks district during the period of its existence."
Question 2
Can the police jury abolish the waterworks district and turn control overto the Town?
As noted in our response to your first question, the police jury may abolish the waterworks district, provided the procedural requirements of the statute concerning notice are met and that no existing contracts of the waterworks district are impaired by that action. The town is authorized to acquire the waterworks system "after having been petitioned by sixty percent of the resident property owners of any such political subdivision, or by a vote of a majority in number and amount of the resident property taxpayers qualified to vote at an election held for that purpose in the manner provided by R.S. 38:501 through 39:518" pursuant to R.S. 33:3822.
Question 3
Who should appoint the waterworks commissioner?
The police jury of Webster Parish is responsible for appointing the waterworks commissioners. R.S. 33:3813 dictates this response and pertinently provides:
 § 3813. Appointment of waterworks commissioners; terms; vacancies
 A. In the ordinance creating a waterworks district under this Chapter, the police jury shall appoint five commissioners recommended in the petition for the creation of the district.
 B. If no recommendation is made in the said petition, or no petition is received, the police jury shall exercise discretion in the choice of said commissioners. The said five commissioners shall, at their first meeting, determine by lot their terms of office, which shall be respectively, one, two, three, four and five years and they shall serve until their successors shall have been appointed and qualified. Thereafter all commissioners shall serve at the pleasure of the authority which appointed them.
 * * * *
 I. Any vacancy which occurs by expiration or otherwise of any commissioner appointed by the police jury shall thereafter be filled by the police jury, in its sole discretion and any vacancy which occurs by expiration or otherwise of any commissioner appointed by the governing authority of a municipality included in the district shall thereafter be filled by the governing authority of said municipality, at its sole discretion.
The Village of Sarepta is specifically exempted from that portion of the statute [R.S. 33:3813(C)] which allows the governing authority of the municipality to appoint in part the membership of the commission. See R.S. 33:3813(D) providing that "the provisions of the foregoing paragraph [33:3813(C)] shall not apply to the Village of Sarepta in Webster Parish."
Question 4
What are the terms of office of the Sarepta Waterworks District?
Requoting R.S. 33:3813(B), the terms of office of the commissioners are set by lot, as the statute provides "the said five commissioners shall, at their first meeting, determine by lot their terms of office, which shall be respectively, one, two, three, four and five years, and they shall serve until their successors shall have been appointed and qualified."
Question 5
May an alderman also serve as a waterworks commissioner?
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., do not prohibit one from holding a local elected office, such as alderman, and a local part-time appointive office, such as waterworks commissioner. Since the waterworks district is a creature of the parish police jury, and not the board of aldermen, the prohibition of R.S. 42:64 which states that no office shall be held by the same person when the incumbent of the offices "has the power to appoint the incumbent of the other" is inapplicable.
Question 6
Should the Town desire to purchase the waterworks system, which publicentity receives the purchase price?
The police jury should receive the proceeds, since the waterworks district is the creature of the police jury. This conclusion is consistent with the constitutional authority of the police jury concerning its agencies, as LSA-Const. Art. VII, § 15 (1974) states that a "governmental subdivision shall have general power over any agency created by it, including, without limitation, the power to abolish the agency." In further support is Attorney General Opinion 94-90, where this office determined that the funds of an abolished gravity drainage district, also a creature of the police jury, should be administered by the police jury.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 12, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL